PER CURIAM.
WRIT GRANTED AND MADE PEREMPTORY: Our law provides that if the executor named in the testament declines the trust, the court shall appoint a dative testamentary executor in the manner provided for the appointment of an administrator of an intestate succession (C.C.P. Art. 3083). Article 3153 of the Code of Civil Procedure provides that the person appointed dative testamentary executor shall furnish the same security as is required of the administrator under Article 3158.
In the instant case, relators, who are the legal heirs of the decedent, have filed suit to contest the validity of the will. If the will is ultimately declared invalid, relators will be entitled to their proportionate share of decedent’s succession. In connection with their petition to have the will declared invalid, petitioners seek to compel the dative testamentary executrix to file security as required by law, and as such heirs they have a real interest in compelling the dative testamentary executor to furnish security. The trial court so found stating:
“I think it is undisputed that these persons (relators) do have an interest ... they do have a real interest in getting security posted. If they are successful in the contest over the will’s validity, then the fiduciary obligations of the administrator would inure to the benefit of the legal heirs whom they claim to be. So they have a real interest in having some protection for this fiduciary relationship ...”
In spite of its aforestated finding, the trial court sustained respondent’s exception *19 of no right of action and dismissed relators’ demand reasoning that under La.C.C.P. Arts. 3154 and 3155 only forced heirs, surviving spouse or creditors had standing to compel the furnishing of security by a dative testamentary executor. This was error.
Articles 3154 and 3155 are not applicable to instances where a dative testamentary executor is appointed by the court pursuant to La.C.C.P. Art. 3083. In such instances, there is no necessity for anyone (forced heirs, surviving spouse or creditor) to compel the furnishing of security by a dative testamentary executor as our law requires the furnishing of such security (C.C.P. Arts. 3151 and 3153) and further provides that letters testamentary shall not issue until the person appointed or confirmed as succession representative has qualified by taking his oath of office and furnishes the security required of him by law.
For these reasons, we conclude that the trial court erred in sustaining the exception of no right of action filed by the dative testamentary executor. Therefore, this writ is granted and made peremptory. The peremptory exception of no right of action filed in the trial court by respondents is overruled and this matter is remanded to the trial court for further proceedings consistent with the views herein expressed.